**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| **WILLIAM LEE VENSON** | ) | |
| | ) | |
| v. | ) | Case No. 1:00cr201 |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |

**ORDER**

This matter is before the Court on petitioner William Lee Venson's *pro se* motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Both petitioner and the government have fully briefed the issues raised in petitioner's motion and the matter is now ripe for disposition. Oral argument is dispensed with because the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid the decisional process.[1]

**I.**

On June 22, 2000, petitioner pled guilty to a one-count indictment charging him with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2. Thereafter, Judge Albert V. Bryan sentenced petitioner to 262 months imprisonment to be followed by five years of supervised release. On November 29, 2001, petitioner filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, which was granted because petitioner was not

---

[1] *See United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief"); *Schriro v. Landrigan,* 127 S. Ct. 1933, 1940 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

advised of his appeal rights at sentencing, as required by Rule 32, Fed. R. Crim. P., and because counsel failed to file an appeal, despite petitioner's request that he do so. *See United States v. Venson*, No. 00-201-A (E.D. Va. Mar. 6, 2002) (Order).

Accordingly, on May 3, 2002, petitioner was re-sentenced. During this *de novo* sentencing hearing, petitioner, by counsel, raised three objections to the Pre-Sentence Report ("PSR"), namely (i) that an obstruction of justice enhancement under U.S.S.G. § 3C1.1 was unwarranted; (ii) that the Probation Officer should not have classified petitioner as a career offender, pursuant to U.S.S.G. § 4B1.1, because two predicate convictions were invalid; and (iii) that the Probation Officer should have reduced his offense level for acceptance of responsibility, pursuant to U.S.S.G. § 4A1.3. Only the petitioner's last objection was sustained, thus, petitioner's offense level was reduced for acceptance of responsibility. In addition to these objections to the PSR, petitioner's counsel moved for a downward departure, pursuant to U.S.S.G. § 4A1.3, which provides for a downward departure where a defendant's career offender classification overstates his criminal history. This motion was granted insofar as petitioner was classified at a total offense level of 28 and placed at a criminal history category of V. In the end, petitioner was sentenced to 130 months imprisonment, the bottom of the applicable Guidelines range, to be followed by five years of supervised release. Notably, this *de novo* re-sentencing served to reduce petitioner's original custody sentence by more than half.

One year later, on May 2, 2003, petitioner filed another *pro se* motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, raising one claim – that his classification as a career offender improperly relied on an invalid state conviction. In support of this motion, petitioner stated that "[t]he facts supporting this claim have not yet been developed because the

invalid state conviction at issue . . . has not yet been invalidated." As such, petitioner requested that his motion be held in abeyance until completion of the litigation regarding his underlying state conviction. By Order dated December 12, 2003, defendant's motion was denied as premature, but without prejudice to his right to refile his § 2255 motion, if appropriate, in the event petitioner's claim became ripe for review. Importantly, this Order stated that he might "refile a § 2255 petition *insofar as it relates to the instant claim*," namely that his underlying state conviction was invalid.

Then, on September 26, 2005, petitioner filed the instant *pro se* motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. In this motion, petitioner raises two ineffective assistance of counsel claims, neither of which was raised in his May 2, 2003 motion. Specifically, petitioner claims (i) that counsel failed to object to the Probation Officer using his prior state convictions in calculating his criminal history category, and (ii) that counsel failed to object to the Probation Officer's use of "less than sufficient" documents to prove his prior state convictions. On January 13, 2006, the government responded to petitioner's motion, arguing that petitioner's § 2255 claims were untimely and failed on the merits.

Petitioner filed a reply on February 12, 2007, requesting two seemingly inconsistent actions, namely (i) that his ineffective assistance of counsel claims "based on, and in conjunction with, the validity of the state law claims" be "deem[ed] withdrawn;" and (ii) that his ineffective assistance of counsel claims "relate back to the initial timely filed § 2255 submission, pursuant to Rule 15(a) and (c)," Fed. R. Civ. P.

3

## II.

### A.

To begin with, petitioner's request that his ineffective assistance of counsel claims "relate back" to his timely filed § 2255 petition must be denied. This is so because, as explained above, petitioner's timely § 2255 petition focused solely on whether petitioner's state conviction was invalid. In that respect, the December 12, 2003 Order made clear that petitioner could only "refile a § 2255 petition *insofar as it relates to the instant claim*," namely that his underlying state conviction was invalidated.[2] Because the instant § 2255 petition asserts two ineffective assistance claims not raised in petitioner's earlier § 2255 petition and not related to the issue raised therein – the invalidation of his state conviction – the instant § 2255 petition is untimely unless it was filed with one-year of the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255.[3] It was not. The record reflects that petitioner's

---

[2]The December 12, 2003 Order made clear that if petitioner succeeded in invalidating his state conviction, he could timely refile his § 2255 petition within one year of such invalidation because the one-year § 2255 statute of limitations "begins running when the state court conviction is conclusively invalidated." *United States v. Gadsen*, 332 F.3d 224, 229 (4th Cir. 2003).

[3]This section provides that a § 2255 petition must be filed one-year from the latest of four dates:

(i) the date on which the judgment of conviction becomes final;

(ii) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(iii) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

conviction became final on the date judgment was entered, that is, May 8, 2002. Thus, to be considered timely, petitioner must have filed the instant motion by May 8, 2003, within one-year of the entry of his judgment. He did not do so, electing instead to file the instant § 2255 petition on September 26, 2005, more than two years beyond the one-year filing deadline. Accordingly, the record compels the conclusion that petitioner's instant § 2255 motion is untimely and must be denied. *See United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001) (upholding dismissal of untimely petition); *Gadsen*, 332 F.3d at 226 (stating that "[i]f a prisoner cannot fit his petition into the time frame specified by one of [§ 2255's] four categories, it must be dismissed as untimely").

**B.**

Even assuming, *arguendo*, the timeliness of petitioner's claims of ineffective assistance of counsel, the record demonstrates that petitioner's claims fail because he has not adduced a scintilla of evidence to demonstrate either that his counsel's performance was deficient or that he was prejudiced by such performance.

Analysis properly begins with the familiar *Strickland* two-pronged test, which provides that to succeed on an ineffective assistance claim petitioner must show (i) that his counsel's performance "fell below an objective standard of reasonableness," and (ii) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In other words, petitioner must demonstrate "that there is a reasonable probability that, but for

---

    (iv) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, it is undisputed that the only relevant date for disposition of the instant petition is the date the judgment of conviction became final – May 8, 2002.

counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A "reasonable probability" in this regard is a "probability sufficient to undermine confidence in the outcome." *Id.* And, notably, to satisfy this test, petitioner must overcome a strong presumption that his counsel rendered "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

These principles, applied here, compel the conclusion that petitioner's counsel rendered adequate assistance in this case. To begin with, petitioner contends that counsel failed to object to the Probation Officer using his prior state convictions in calculating his criminal history category. Significantly, petitioner does not suggest, much less conclusively demonstrate, that these underlying state convictions were invalid. Instead, petitioner merely states that the convictions are invalid because he was not advised of his right to appeal or his right to counsel in those state cases. Nevertheless, as petitioner does not dispute, these convictions remain legally valid. Given that these convictions remain valid, and given that petitioner merely asserts, in conclusory terms, that counsel should have objected to consideration of these convictions at sentencing, it is pellucidly clear that petitioner has failed to demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In this respect, it is worth noting that counsel did, in fact, object to the inclusion of certain convictions in petitioner's PSR, arguing that the Probation Officer should not have classified petitioner as a career offender, pursuant to U.S.S.G. § 4B1.1, because two predicate convictions were invalid. This issue was fully adjudicated and finally decided. As petitioner has pointed to no persuasive reason suggesting that the resolution of counsel's objection was incorrect, or otherwise demonstrating that his performance was deficient, petitioner's first ineffective

6

assistance of counsel claim must be denied.

Petitioner's next contention suffers the same fate. Petitioner argues that counsel failed to object to the Probation Officer's use of "less than sufficient" documentation to prove his prior state convictions. In particular, petitioner conclusorily states that in determining that he was career offender, the Probation Officer, and the Court, relied on "little more than police reports and charging documents, which is error." These vague, unsupported assertions are insufficient to demonstrate either that the documentation relied upon was inadequate or that counsel was deficient in failing to object to the use of these documents. And, indeed, petitioner's assertions in this respect are belied by the record evidence, which reveals that the Probation Officer used reliable information in preparing the PSR and that petitioner's criminal history category and career offender status were properly established. Thus, petitioner's second ineffective assistance of counsel claim fails.

Finally, it is worth noting that even assuming petitioner has satisfied his burden of demonstrating that counsel performed inadequately in any manner suggested by petitioner, petitioner's ineffective assistance claims still fail because he has neither suggested nor is there any reasonable probability that the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 690.

In sum, petitioner's claims fail because he has not adduced any persuasive reason to conclude that counsel's performance was inadequate or that he was prejudiced by such performance, choosing instead to rely on bare bones allegations that his counsel failed object to the use of his invalid state convictions and the "less than sufficient" documentation of these convictions. These conclusory, unsupported allegations are patently insufficient to overcome the

strong presumption that his counsel rendered "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.  Accordingly, petitioner's claims of ineffective assistance of counsel fail and his § 2255 motion must be denied.

Accordingly, for the foregoing reasons, and for good cause,

It is hereby **ORDERED** that petitioner's *pro se* motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 is **DENIED** in all respects.

Should petitioner wish to appeal this Order, he must do so within sixty (60) days, pursuant to Rules 3 and 4(a), Fed. R. App. P.

The Clerk is directed to send a copy of this Order to petitioner and to all counsel of record.

\_\_\_\_\_/s/_____

Alexandria, Virginia  
August 1, 2007

T. S. Ellis, III  
United States District Judge